# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM RAY CHAMNESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00449-PLC |
| CENTURION, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on initial review of Plaintiff William Ray Chamness's complaint under 28 U.S.C. § 1915A. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint on a Court-provided form.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, Plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

On February 21, 2023 in the Circuit Court of St. Francois County, Missouri, Plaintiff filed a fifty-two page complaint alleging Defendants violated his constitutional rights, several Missouri state laws, and the Racketeer Influenced and Corrupt Organizations Act. Plaintiff named the following Defendants: Centurion, FNU Gately-Ball, John Doe, Jane Roe I, Laura Manford, Shanta Coffman, Jerry Lovelace, and E.W. Jackson. Defendants removed the action to this Court and have filed a motion to dismiss.

Plaintiff's complaint consists almost entirely of legal conclusions. Based on the sparse factual information, it appears that at some point during his incarceration at the Eastern Reception Diagnostic and Correctional Center, Plaintiff required unspecified dental care. Defendants allegedly provided the dental care and treatment. Plaintiff alleges that following these dental visits he is unable to use his teeth and mouth "to engage in the daily living requirements requisite to maintain health." (Compl. at ¶ 74).

The most descriptive paragraphs in the complaint are paragraphs 87 and 88, in which Plaintiff states:

> 87.    Defendant(s) proceeded to remove plaintiff's teeth, purporting to remove the teeth and provide plaintiff with replacement "false" teeth to facilitate plaintiff's

> eating and daily living activities on numerous occasions, upon which plaintiff relied in giving his consent for same.
>
> 88.    The terms proffered by defendant(s) to remove the teeth and then make impressions and provide appropriate clean-up of the wounds caused by the removals were not fulfilled.

(Compl. at ¶¶ 87-88). For relief, Plaintiff seeks an unspecified amount of damages including punitive damages.

## Discussion

Plaintiff is a self-represented litigant incarcerated in the Missouri prison system. Because he is a prisoner, the Court has reviewed his complaint under 28 U.S.C. § 1915A. Based on that review, and for the reasons discussed below, the Court will order Plaintiff to file an amended complaint.

To survive initial review, Plaintiff must allege sufficient facts to state a plausible claim for relief. Here, Plaintiff fails to allege sufficient facts to determine whether Plaintiff has stated a plausible claim for relief. For example, Plaintiff has failed to allege facts establishing Plaintiff's need for dental treatment; the dates of Plaintiff's dental treatments; which Defendant provided or failed to provide treatment and when; and the specific treatment or lack of treatment that harmed Plaintiff. Based on a careful review of the complaint, the Court concludes only that Plaintiff believes he was harmed with respect to dental treatment while he was incarcerated. This information alone is insufficient to state a plausible claim to relief.

## Instructions for Amending Complaint

Because Plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint according to the instructions set forth below. Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on

3

Court-provided forms"). Plaintiff should complete the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Each claim must be stated in a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Plaintiff should begin by stating the defendant's name. In separate numbered paragraphs under that name, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

4

It is important for Plaintiff to establish the responsibility of each separate defendant for any alleged harm. That is, for each defendant, Plaintiff must state facts demonstrating the manner in which each defendant's acts or omissions violated his rights. General allegations against defendants as a group are not acceptable. Rather, Plaintiff must describe the role of each named defendant, to ensure that each specific defendant receives notice of the alleged impermissible conduct. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

The filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint are deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A. Plaintiff's failure to assert specific factual allegations against each individual defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants Centurion, Shanta Coffman, Jerry Lovelace, and Laura Manford's motion to dismiss is **DENIED without prejudice** to refiling as to Plaintiff's amended complaint. [ECF No. 15]

**IT IS FURTHER ORDERED** that Plaintiff's "verified composite motion for: relief/remedy(ies) for judgment in default; memorandum in opposition to defendant's response to show cause order; memorandum in opposition to defendant's motion to dismiss, and: plaintiff's motion for appointment of counsel(s) and for Court records: notice of request(s) for discovery/disclosure(s): notice of plaintiff's new and correct address, &c. verified affidavit/suggestions in support of same, &c." is **DENIED without prejudice** as premature. Plaintiff may refile his various motions, individually, after the Court conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. [ECF No. 16]

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint in accordance with the instructions set forth above within thirty (30) days of the date of this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2023.