UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RAY CHAMNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00449-PLC |
| ) | |
| CENTURION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of Plaintiff William Ray Chamness' amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court dismisses the amended complaint for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, Plaintiff is a convicted state prisoner[1] who is suing employees of a governmental entity. Therefore, his amended complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Plaintiff is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri.

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

**Background**

Plaintiff originally filed this action in Missouri state court. Defendants removed it to this Court on April 10, 2023. The Court conducted an initial review of the complaint under 28 U.S.C. § 1915A on September 28, 2023. (ECF No. 18). Because Plaintiff alleged so few facts in his complaint, the Court found that he failed to state a plausible claim for relief.[2]

The Court ordered Plaintiff to file an amended complaint, and instructed him as to what to include in the pleading. Specifically, the Court directed Plaintiff to, among other things, "provide a short and plain statement of the factual allegations supporting his claim against [each] specific defendant." (ECF No. 18, P. 4). The Court cautioned Plaintiff that his "failure to assert specific factual allegations against each individual defendant will result in the dismissal of that defendant." (*Id.*, P. 5).

**The Amended Complaint**

Plaintiff filed his amended complaint on November 29, 2023, asserting claims against Defendants Centurion, FNU Gately-Ball, John Doe/Jane Roe 1, Laura Manford, Shanta Coffman, Jerry Lovelace, and E.W. Jackson. (ECF No. 21). Plaintiff alleges Defendants were

---

[2] The Court's careful review of Plaintiff's original complaint revealed only that Plaintiff believes he was harmed with respect to dental treatment he received while incarcerated. This information alone was insufficient to state a plausible claim for relief.

2

deliberately indifferent to his serious medical needs. Plaintiff also brings the following state law claims: tort (battery), intentional or negligent misrepresentation, malpractice, breach of contract, unjust enrichment, and breach of the implied covenants of good faith and fair dealing.

## Discussion

Pursuant to Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's amended complaint does not comport with this requirement. As the United States Supreme Court stated in *Ashcroft v. Iqbal*, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Plaintiff's amended complaint pleads no more than legal conclusions, which are not entitled to the assumption of truth. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Pro se complaints are construed liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's amended complaint contains no well-pleaded, nonconclusory factual allegations. Specifically, Plaintiff fails to allege facts establishing Plaintiff's need for dental treatment; the dates of Plaintiff's dental treatments; which Defendant provided or failed to provide treatment[3] and when[4]; and the specific treatment or lack of treatment that harmed Plaintiff.

---

[3] Plaintiff does not mention any Defendants in his statement of his claim, despite the Court's instruction that his "failure to assert specific factual allegations against each individual defendant will result in the dismissal of that defendant." (ECF No. 18, P. 5).

[4] Plaintiff's failure to disclose the timing of the alleged malfeasance leaves the Court unable to determine whether Plaintiff has brought his claims in a timely manner.

Despite the clear instructions in the Court's September 28, 2023 Memorandum and Order, Plaintiff has not followed the Court's directions for amending his complaint. Although Plaintiff states that he incorporates "additional exhibits/affidavits/&c. [sic] as are attached/enclosed herewith," no exhibits, affidavits, or other documents are attached or enclosed with the amended complaint. (ECF No. 21, P. 4). Plaintiff also states that he incorporates his original complaint, despite the Court's warning that the "filing of an amended complaint completely replaces the original complaint", and thus "claims that are not re-alleged in the amended complaint are deemed abandoned." (ECF No. 18, P. 5).

Plaintiff's failure to comply with Rule 8 renders this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983); *see also Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (stating that pro se litigants are not excused from complying with Fed.R.Civ.P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"); *White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings"). For these reasons, the Court dismisses Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Memorandum and Order.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2024.